IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| AFFILIATED MULTI-FAMILY SERVICES, INC., <br>                                 **Plaintiff,** <br><br> **VERSUS** <br><br> GMF-PRESERVATION OF AFFORDABILITY CORP. AND PAC HOUSING GROUP, L.L.C. <br>                                 **Defendants** | CASE NO. 2:23-CV-0012 TAD/KK <br><br> **JUDGE TERRY A. DOUGHTY** <br><br> **MAGISTRATE JUDGE KATHLEEN KAY** |

**ANSWER ON BEHALF OF GMF-PRESERVATION OF
AFFORDABILITY CORP. AND PAC HOUSING GROUP, LLC
and COUNTERCLAIM FOR BREACH OF CONTRACT, FRAUDULENT
MISREPRESENTATION and DEMAND FOR AN ACCOUNTING**

**NOW INTO COURT**, through undersigned counsel, come Defendants GMF-Preservation of Affordability Corp., now known as MOF-Preservation of Affordability Corp., and PAC Housing Group, LLC (collectively, "Defendants"), who respond to the Petition of Affiliated Multi-Family Services, Inc. ("Affiliated") as follows:

1.

In response to the allegations of Paragraph 1 of the Petition, the domiciliary allegations are admitted. The remaining allegations of that paragraph are denied.

2.

Defendants deny the allegations of Paragraph 2 of the Petition.

3.

Defendants admit there were agreements with Affiliated. As further answer, the contracts referenced in this paragraph of the Petition are the best evidence of their own written terms, provisions, limitations, and exclusions, all of which are hereby pled as though fully restated

herein. Any and all allegations of Paragraph 3 that are inconsistent with the provisions of the agreements are denied.

4.

Defendants deny there is an unpaid balance as alleged in Paragraph 4 of the Petition. Defendants admit there was an agreement with Affiliated regarding Suffolk Manor. As further answer, the contracts and change orders referenced in this paragraph of the Petition are the best evidence of their own written terms, provisions, limitations, and exclusions, all of which are hereby pled as though fully restated herein. Any and all allegations of Paragraph 4 that are inconsistent with the provisions of the agreement are denied.

5.

Defendants deny there is an unpaid balance as alleged in Paragraph 5 of the Petition. Defendants admit there was an agreement with Affiliated regarding Le Chateau Apartments. As further answer, the contract and change orders referenced in this paragraph of the Petition are the best evidence of their own written terms, provisions, limitations, and exclusions, all of which are hereby pled as though fully restated herein. Any and all allegations of Paragraph 5 that are inconsistent with the provisions of the agreement are denied.

6.

Defendants deny there is an unpaid balance as alleged in Paragraph 6 of the Petition. Defendants admit there was an agreement with Affiliated regarding Shadowood Apartments. As further answer, the contract and change orders referenced in this paragraph of the Petition are the best evidence of their own written terms, provisions, limitations, and exclusions, all of which are hereby pled as though fully restated herein. Any and all allegations of Paragraph 6 that are inconsistent with the provisions of the agreement are denied.

7.

Defendants deny the allegations of Paragraph 7 of the Petition as written and also for lack of sufficient evidence to justify a belief therein.

8.

Defendants deny the allegations of Paragraph 8 of the Petition.

9.

Defendants deny the allegations of Paragraph 9 of the Petition as written and also for lack of sufficient evidence to justify a belief therein.

10.

Defendants deny the allegations of Paragraph 10 of the Petition as written and also for lack of sufficient evidence to justify a belief therein.

11.

Defendants deny the allegations of Paragraph 11 of the Petition as written and also for lack of sufficient evidence to justify a belief therein.

12.

Defendants deny the allegations of Paragraph 12 of the Petition for lack of information sufficient to justify a belief therein. As further answer, the Unconditional Full and Final Waiver referenced in this paragraph of the Petition is the best evidence of its own written terms, provisions, limitations, and exclusions, all of which are hereby pled as though fully restated herein.

13.

In response to the allegations of Paragraph 13 of the Petition, Defendants admit that an agreement was entered into with AB Red River Owner, LLC. As a written document, that

agreement is the best evidence of its own written terms, provisions, limitations, and exclusions, all of which are hereby pled as though fully restated herein. Any and all allegations of Paragraph 13 that are inconsistent with the provisions of the agreement are denied.

14.

In response to the allegations of Paragraph 14 of the Petition, Defendants aver that any agreement between them and AB Red River Owner, LLC is the best evidence of its own written terms, provisions, limitations, and exclusions, all of which are hereby pled as though fully restated herein. Any and all allegations of Paragraph 14 that are inconsistent with the provisions of the agreement are denied.

15.

Defendants deny the allegations of Paragraph 15 of the Petition.

16.

The allegations contained in the prayer for relief of the Complaint are legal in nature and thus do not require an answer of these Defendants. To the extent an answer is required, the allegations contained in Plaintiff's prayer for relief of the Complaint are denied.

**FURTHER ANSWERING** the allegations set forth in the Petition, Defendants respond as follows:

17.

Defendants deny that it or anyone for whom it may or could be held responsible was guilty of any actionable fault, which either proximately caused or contributed to the alleged damages claimed by Affiliated.

18.

Affiliated has failed to state a claim upon which relief may be granted.

19.

Any damages that Affiliated may have incurred are a result of acts or omissions of other parties, and Defendants are not legally responsible.

20.

Affiliated has failed to take reasonable measures to mitigate damages, minimize or avoid any damages and/or prevent their alleged damages. Accordingly, its claims are barred, in whole or in part, by law. Alternatively, Affiliated's alleged damages should be reduced in kind.

21.

Affiliated's claims are barred in whole or in part under the doctrines of unclean hands, estoppel, laches, ratification/or waiver.

22.

Affiliated's claims are barred in whole or in part under the doctrines of accord and satisfaction.

23.

Defendants are entitled to set off any recovery or award made against it in these proceedings to recover or apportion damages arising from the acts or omissions of Affiliated.

24.

Affiliated's claims for damages are barred by the doctrine of avoidable consequences.

25.

At all times mentioned in the Petition and with respect to all matters contained therein, Defendants acted in good faith and exercised reasonable care.

26.

Defendants at all times acted reasonably and in good faith.

## COUNTERCLAIM

**AND NOW INTO COURT,** through undersigned counsel, assuming the position of Plaintiff in Counterclaim, Defendants GMF-Preservation of Affordability Corp., now known as MOF-Preservation of Affordability Corp., and PAC Housing Group, LLC (collectively, "MOF-PAC" or "Plaintiffs in Counterclaim") respectfully aver as follows:

**MADE** Defendant in Counterclaim herein is Affiliated Multi-Family Services ("Affiliated" or "Defendant in Counterclaim").

1.

Affiliated is a Texas corporation, qualified and doing business in Calcasieu Parish. Affiliated is incorporated and has its principal place of business in Texas.

2.

GMF-Preservation of Affordability Corp.'s legal name was changed to MOF-Preservation of Affordability Corp. on April 7, 2022 by filing Articles of Amendment to the Charter with the Tennessee Secretary of State. MOF-Preservation of Affordability Corp. is incorporated and has its principal place of business in Tennessee.

3.

PAC Housing Group, LLC is a Tennessee limited liability corporation, registered to do business in Louisiana and its principal place of business is in Tennessee. The sole member of PAC Housing Group, LLC is MOF-Preservation of Affordability Corp, a citizen of the State of Tennessee.

4.

The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.00.

## FACTUAL ALLEGATIONS

5.

Affiliated was retained by MOF-PAC in or around January of 2021 as a General Contractor to perform construction related services at Suffolk Manor, Le Chateau Apartments, and three other properties in the Lake Charles area.

6.

Beginning in January 2021 through November 12, 2021, MOF-PAC made payments to Affiliated for work at Le Chateau and Suffolk in the amount of $5,596,820.00.

7.

Affiliated consistently failed to meet deadlines.

8.

Near the end of 2021, MOF-PAC consistently and repeatedly demanded that Affiliated complete the work at the above properties.

9.

In response to the reasonable demands from MOF-PAC, Affiliated requested additional payments, claiming funds were needed to pay the subcontractors.

10.

Starting on November 23, 2021 and through December 20, 2021, MOF-PAC made additional payments to Affiliated in the amount of $1,500,000.00 for work at Le Chateau and Suffolk.

11.

In total, MOF-PAC paid Affiliated $7,096,820.00 for work at Le Chateau and Suffolk.

12.

Despite the payments from MOF-PAC in excess of $7 million, Affiliated failed to timely complete the work it had been retained to perform.

13.

Near the end of 2021, many of the subcontractors retained by Affiliated walked off the job as they were not being paid by Affiliated – even though MOF-PAC had paid Affiliated $1,500,000.00 in late 2021 for the specific purpose of enabling Affiliated to pay its subcontractors.

14.

On January 5, 2022, as a result of the exorbitant and never-ending requests for money from Affiliated, coupled with the unjustified delays, MOF-PAC assumed responsibility of paying all subcontractors directly, cutting out Affiliated.

15.

The total amount of GMF-PAC's direct payments to the subcontractors for work at La Chateau and Suffolk from January 5, 2022 through February 13, 2022, was $1,604,666.00.

16.

Knowing that GMF-PAC needed to complete the project prior to the closing of the sale of the properties, Affiliated undertook its unlawful misconduct (i.e., taking MOF-PAC's payments but not transmitting them to the subcontractors), with the intention of exploiting MOF-PAC.

17.

While the subcontractors were supposed to have been paid by Affiliated in late 2021, they were not - and MOF-PAC was compelled to pay the subcontractors directly to ensure the work was completed.

18.

MOF-PAC has denied the allegations in Affiliated's Petition and hereby asserts separate causes of action and claim for Breach of Contract and Damages, Unjust Enrichment, Fraudulent Misrepresentation and a Demand for an Accounting against Affiliated.

19.

MOF-PAC seeks recovery from Affiliated for the breach of contract, including, but not limited to, recovery of all overpayments made as a result of the intentional material representations and deliberate fraudulent inducements made by Affiliated.

20.

Affiliated's requests for payments so it could pay its subcontractors were either wholly fictitious or highly inflated as payments to the subcontractors were not made.

21.

MOF-PAC seeks recovery from Affiliated for the overpayments made as a result of the intentional material representations and deliberate fraudulent inducements made by Affiliated.

22.

As a direct result of Affiliated's intentional misconduct, MOF-PAC has been, and continue to be, substantially harmed.

23.

The parties entered into a contractual relationship and this arrangement was entered into freely and voluntarily by the parties.

24.

Affiliated breached the implied duty of good faith and fair dealing implied in all contracts by virtue of its fraudulent contract as set forth *supra*.

25.

Affiliated breached the contract between the parties by failing to perform under the conditions promised, as set forth *supra*.

26.

Affiliated breached the contract by demanding inflated and incorrect charges, phantom and inflated labor payments, and costs for which MOF-PAC was not responsible.

27.

Affiliated's various breaches of contract have caused MOF-PAC damages and injury, and Affiliated's conduct is the proximate and legal cause of those damages and injuries.

28.

MOF-PAC prays for a judgment for compensatory and other damages —including punitive damages— to be determined at trial or by the Court.

29.

Affiliated demanded payment from MOF-PAC for services claimed to have been provided. These demands for payment were untrue and were fraudulent misrepresentations. Each demand for payment constitutes a material and fraudulent misrepresentation upon which MOF-PAC relied. MOF-PAC relied on these material and fraudulent misrepresentations in making payments which were never due.

30.

Moreover, had MOF-PAC known that Affiliated would have taken payment but not performed under the contract and not paid the subcontractors, MOF-PAC never would have made the payments. Absent Affiliated's material and fraudulent misrepresentations, MOF-PAC

Housing would not have entered into business relationships with the Affiliated or made payments to Affiliated.

31.

MOF-PAC relied to its detriment on Affiliated's material and fraudulent misrepresentations, which were made knowingly, voluntarily, and intentionally. MOF-PAC Housing have suffered damages as the proximate and legal result of Affiliated's misconduct.

32.

Affiliated's various fraudulent demands for payment were made knowingly and intentionally and were known by Affiliated to be false at the time they were made. Affiliated actively attempted to charge and extract from MOF-PAC monies and payments for inflated and incorrect charges, phantom and inflated labor, and costs for which MOF-PAC was not responsible.

33.

Affiliated's demands for payment were not a mere oversight, they were made purposefully as part of a scheme to defraud MOF-PAC. Affiliated's conduct has caused MOF-PAC damages, and Affiliated's fraudulent conduct is the proximate and legal cause of MOF-PAC's damages.

34.

MOF-PAC have overpaid Affiliated; however, the full value of those damages cannot be known until discovery and a future accounting in this cause.

35.

MOF-PAC has become aware that Affiliated fraudulently billed for inflated and incorrect charges, phantom and inflated labor, and costs for which MOF-PAC was not responsible. The

only way that the full scope of Affiliated's misconduct will be known is a complete accounting of Affiliated's records - including but not limited to employee time sheets and payroll and Affiliated's financial records. MOF-PAC requests that this Court order such accounting.

36.

As a direct and proximate result of Affiliated's conduct described above, MOF-PAC has suffered substantial losses, including but not limited to: (A) $1,500,000.00 paid directly to Affiliated in late 2021,as those funds were not transmitted to the subcontractors; and (B) direct payments by MOF-PAC to subcontractors in January and February 2022 totaling $1,604,666, even though Affiliated had already received payment from MOF-PAC that was supposed to have been transmitted to the subcontractors for the same work.

**WHEREFORE,** GMF-Preservation of Affordability Corp., now known as MOF-Preservation of Affordability Corp., and PAC Housing Group, LLC, pray that its Answer to the Petition be deemed good and sufficient, and that after all due and legal proceedings are had herein, that there be judgment in its favor, and against Affiliated Multi-Family Services, Inc., with prejudice, dismissing the Petition at Affiliated Multi-Family Services, Inc.'s cost.

**AND WHEREFORE**, GMF-Preservation of Affordability Corp., now known as MOF-Preservation of Affordability Corp., and PAC Housing Group, LLC, as plaintiff-in-counterclaim, pray that the counterclaim be duly served upon Affiliated Multi-Family Services, Inc., as defendant-in-counterclaim, and that, after due proceedings are had, there be judgment in favor of plaintiff-in-counterclaim and against defendant-in- counterclaim as follows:

1. For judgment against Affiliated Multi-Family Services, Inc. in the amount of $3,104,666;

2. The Court order an accounting of Affiliated's records related to the MOF-PAC's account, and the discovery into the financial records of the Affiliated, and, if the Court finds appropriate, appoint a special master therefore;

3. The Court award MOF-PAC all attorneys' fees and expenses incurred in bringing this litigation and to prosecute the causes of action herein;

4. The Court enter judgment in favor of MOF-PAC on all claims of action asserted plus interest, costs, expenses, and attorneys' fees;

5. The Court award MOF-PAC all damages, whether compensatory, consequential, incidental, statutory, and/or punitive to which it may be entitled as against Affiliated, whether at law, pursuant to contract, or in equity; and

6. The Court grant such other and further relief as this Court deems necessary and proper.

**RESPECTFULLY SUBMITTED**,

**STEEG LAW FIRM, LLC**

/s/ Charles L. Stern, Jr.
**CHARLES L. STERN, JR. (12451) (T.A.)**
**RICHARD L. TRAINA (22170)**
**201 St. Charles Avenue, Suite 3201**
**New Orleans, LA 70170**
**Telephone:(504) 582-1199**
**E-mail: cstern@steeglaw.com**
         **rtraina@steeglaw.com**
**and**

        **S. Joshua Kahane (TN #23726)**
        **Yosef E. Horowitz (TN #36353)**
        **GLANKLER BROWN, PLLC**
        *Visiting Attorney Applications Forthcoming*
        **6000 Poplar Ave., Suite 400**
        **Memphis, TN  38119**
        **Telephone: (901) 576-1758**
        **E-mail: jkahane@glankler.com**
                **jhorowitz@glankler.com**

        **Attorneys for Defendants GMF-Preservation of Affordability Corp. and PAC Housing Group, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF notification system this 11th day of January, 2023.

        /s/ Charles L. Stern, Jr.